RIDGE VS. FEATHERSTON.

In an action against the master for a trespass committed by his' slave in killing an animal belonging to the plaintiff, the declaration should aver that the killing was wilful and malicious.

The act of killing a horse, done wilfully and maliciously, is one of those indictable offences enumerated in the statute; and, for which, if committed by a slave, the master is made responsible in damages to the party injured.

The action may be in case or trespass, according as the one or the other is the more appropriate remedy with reference to the common law distinctions between these forms of action.

In a civil suit against the master to recover damages for an unauthorized act of the slave, proof of his admissions or statements—certainly those not accompanying or explanatory of the act done—cannot be admitted against the master.

*Error to Benton Circuit Court.*

Before Hon. B. H. NEELY, Circuit Judge.

WALKER & GREEN, for the plaintiff, made the following points:

1st. That the action should have been in case and not in trespass: (*Comyn's Dig.*, vol. 7, *Title Trespass*, [*B.* 5,] *p.* 513; 1 *Ch. Pl.* 80; *Barns vs. Hud*, 11 *Mass.* 57; 2 *Ch. Pl.* 867.) Where a statute prohibits an injury, and enacts that the party injured shall

recover a penalty or damages for the injury, and is silent as to the form of action, case is the proper remedy. 1 *Ch. Pl.* 142.

2d. That if trespass was the proper remedy, the declaration is defective.

3d. That the Court erred in admitting, as evidence, the declarations of the slave.

Mr. Chief Justice WATKINS delivered the opinion of the Court.

This was an action of trespass by Featherston, the plaintiff, in the Court below, in which the cause of complaint, set forth in the declaration, is, that Wagoola, a slave of the defendant, shot and killed a certain mare, belonging to the plaintiff. The only objection that can be taken to the declaration, in other respects sufficiently formal, is, that in stating the cause of action it is not averred that the killing of the animal was wilful and malicious, which we apprehend should have been done, or at least some words of a corresponding import used in conformity with the language of a penal statute. The proof at the trial was, that the defendant had three negro men, all of whom frequently carried guns; that used by Wagoola, being a large rifle. A few days before the mare was shot, a witness heard Wagoola tell the plaintiff, that if he did not keep her away from the defendant's plantation, he, Wagoola, would kill her. The mare was found shot, in defendant's field, the wound having the appearance of a large bullet hole. The field was near the defendant's house, the gap to it being open, and the fence down in several places. It was winter, and the frozen state of the ground indicated that the fence had been down for some days previous.

The Court, against the objection of the defendant, admitted evidence of what the witness heard Wagoola say, and also instructed the jury that the threat made by him "was evidence conclusive to prove the plaintiff's case, and should be taken into consideration by them."

The defendant moved for a new trial; and also in arrest of

judgment, because the plaintiff's remedy could only have been in case.

The act of killing a horse, done wilfully and maliciously, is one of those indictable offences enumerated in the statute, and for which, if committed by a slave, the master is made responsible in damages to the party injured. (*McConnell vs. Hardeman*, decided at the present term.) The remedy here was not misconceived; but though the statute used the word trespass as descriptive of the act, no reason is perceived why the form of the remedy may not be in case or trespass according as the one or the other is the more appropriate remedy, with reference to the common law distinctions between those forms of action.

Looking to the context of the instruction, the expression used in the charge, that the threat made by Wagoola was conclusive, must have been inadvertently given. But it was clearly not evidence, against the defendant, not shown to have been present, or to have authorized the slave to make it. No doubt there may be cases where the master recognizes or holds out his slave as his agent, so as to become bound by the acts and declarations of the slave connected with his agency. And it may be supposed, that after a conspiracy has been established, by competent testimony, between a white person and a negro, the declarations of either in furtherance of the common design, would be admissible against the other. But nothing of the kind is shown here. In an indictment against the slave for the offence of killing the animal, evidence of his previous threat would be admissible, and, in connection with other circumstances, might go far to satisfy the jury of his guilt. But, in a civil suit against the master, to recover damages for an unauthorized act of the slave, proof of his statements or admissions, certainly those not accompanying and explanatory of the act done, cannot be admitted against the master without indirectly making a negro a competent witness against a white man. The judgment will be reversed, and the cause remanded, with instructions to grant a new trial, and with leave to the plaintiff, if desired, to amend his declaration.